UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PNC BANK, National Association,
successor by merger to National City Bank,
a national banking association,

      Plaintiff,

                                   Civil Case No. 16-cv-13258
v.                                 Honorable Linda V. Parker

LEGAL ADVOCACY, P.C., a Michigan
Professional Corporation, f/k/a
NORMAN YATOOMA & ASSOCIATES, P.C.
and NORMAN YATOOMA,

      Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF No. 18] AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF No. 20]

On September 9, 2016, Plaintiff PNC Bank commenced this lawsuit alleging a breach of promissory note and breach of the guaranty against Defendant Legal Advocacy, P.C., f/k/a Norman Yatooma & Associates, P.C. and Defendant Norman A. Yatooma (collectively "Defendants"). (ECF No. 1.) Presently before the Court are the parties' cross motions for summary judgment filed April 18, 2017 and May 12, 2017, respectively. (ECF Nos. 18 & 20.) The motions have been fully briefed. Finding the facts and legal arguments sufficiently presented in the parties' briefs, the

1

Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court denies the parties' cross-motions for summary judgment.

## I.      Factual and Procedural Background

On August 27, 2008, Plaintiff extended credit to Defendant Legal Advocacy in the amount of $ 1,500,000, which was executed by a Promissory Note and secured with a Commercial Guaranty. (ECF No. 1 at Pg ID 3-4, 9-10, 18-21.) Defendant Yatooma executed the Commercial Guaranty and agreed to be financially responsible for the indebtedness of Defendant Legal Advocacy. (ECF No. 1 at Pg ID 4, 18-21.) The Note provided that payment would be due upon demand. (ECF No 1 at Pg ID 9.)

In response to a conversation on April 27, 2010 with Defendant regarding his refusal to sign new commercial loan documentation, Plaintiff sent Defendants a demand letter on April 30, 2010. (ECF No. 1 at Pg ID 3, 12-13.) The letter sought full payment of the debt no later than June 30, 2010. (*Id*.) Having received no payment by June 30, 2010, on August 9, 2010, Plaintiff sent Defendants a second demand letter. (ECF No. 1 at Pg ID 3, 15.) On September 27, 2010 and October 28, 2010, Defendant Legal Advocacy wrote Plaintiff two separate checks in the amounts of $3,550.37 and $3,435.85.

On September 9, 2016, Plaintiff instituted this action.   As of the filing of the

Complaint, Defendants owed a principal balance of $1,499,276.36, accrued interest

in the amount of $249,203.12, and late fees in the amount of $12,335.22, totaling

$1,759,814.70.   (ECF No. 1 at Pg ID 4.)   In response, Defendants filed a motion

for summary judgment claiming Plaintiff's claims are barred by the statute of

limitations.   (ECF No. 18.)   Plaintiff filed a cross-motion for summary judgment

arguing Defendants breached their contractual obligation and its claim was revived,

at the latest, when Defendant Legal Advocacy made a payment on October 28, 2010.

(ECF No. 20.)

## II.    Summary Judgment Standard

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is

appropriate "if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P.

56(a).   The central inquiry is "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one

party must prevail as a matter of law."   *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 251-52 (1986).   After adequate time for discovery and upon motion, Rule 56

mandates summary judgment against a party who fails to establish the existence of

an element essential to that party's case and on which that party bears the burden of

proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

## III.   Applicable Law & Analysis

Under Michigan law, the statute of limitations for a breach of contract claim is six years. *See* Mich. Comp. Laws § 600.5807(8). However, a partial payment on a loan will restart the running of the limitations period. *See Yeiter v. Knights of St. Casimir Aid Soc'y*, 461 Mich. 493, 497 (Mich. 2000) ("A partial payment made on a debt after the debt matures serves to revive the statute of limitations. A new cause of action accrues on the date of payment."); *Buchanan v. Northland Group*, 776 F.3d 393, 396 (6th Cir. 2015) (partial payments on a time-barred debt restarts the statute of limitations under Michigan law); *Fed. Deposit Ins. Corp. v. Garbutt*, 142 Mich. App. 462, 468 (Mich. Ct. App. 1985) ("An action on a promissory note is subject to the six-year statutory limitation period governing breach of contract actions . . ."). However, the debt must be "accompanied by a declaration or circumstance that rebuts the implication that the debtor by partial payment admits the full obligation." *Yeiter*, 461 Mich. at 497 n.6; *see also Charbonneau v. Mary Jane Elliott, P.C.*, 611 F. Supp. 2d 736, 741 (E.D. Mich. 2009). Moreover, "[a] qualification must be made at the time of the partial payment. If this were not true, it would be possible for one to make a partial payment and intend to pay the balance at a later date, but in the interim, change his mind and effectively [renege]." *Bonga v. Bloomer*, 14 Mich. App. 315, 319 (Mich. Ct. App. 1968).

In their motion for summary judgment, Defendants claim Plaintiff's suit is barred by the six-year statute of limitations, which began to accrue on either April 30, 2010, the date of default/demand, or June 30, 2010, the date payment was expected to be paid in full. To the contrary, Plaintiff argues that the statute of limitations was revived because Defendant Legal Advocacy made two partial payments on September 27, 2010 and October 28, 2010. Under Michigan law, Plaintiff's position would be correct assuming the September and October payments were, in fact, partial payments and unaccompanied by a declaration rebutting full obligation to the debt. *See Yeiter*, 461 Mich. at 497; *Buchanan*, 776 F.3d at 396; *Fed. Deposit Ins. Corp. v. Garbutt*, 142 Mich. App. at 468. However, whether the two payments were made to advance settlement negotiations or were a new promise to pay is a disputed fact. Notably, Defendants concede in their response to Plaintiff's motion for summary judgment that the nature of the two payments is a disputed fact and cannot be decided without the benefit of discovery. (ECF No. 22 at Pg ID 341.) The Court agrees. Depending on the nature of the two payments, Plaintiff's Complaint may be time-barred. Neither party has provided the Court with any evidence to support their claims regarding the two payments. It appears from the record that the parties have not engaged in discovery, and, under the facts of this case, without the benefit of depositions and other discoverable materials to

bolster their claims, the parties' motions are premature.   Therefore, the Court denies the parties' motions for summary judgment.

Furthermore, the Court denies Defendants' motion for summary judgment as to Defendant Yatooma.   It is undisputed that the Commercial Guaranty stated:

> Guarantor also waives any and all rights or defenses based on suretyship or impairment of collateral including, but not limited to, any rights or defenses arising by reason of . . . (E) any statute of limitations, if at any time any action or suit brought by Lender against Guarantor is commenced, there is outstanding indebtedness which is not barred by any applicable statute of limitations . . . .

(ECF No. 1 at Pg ID 19.)   Here, the factual circumstances surrounding the statute of limitations is in dispute, and the Court is unable to determine if Defendant Yatooma should be dismissed.   Therefore, the Court declines to grant Defendants' motion as to Defendant Yatooma.

## IV.   Conclusion

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (ECF No. 18) is **DENIED**, and Plaintiff's motion for summary judgment (ECF No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants shall file an Answer to the

Complaint within 14 days of this Order.

                                          s/ Linda V. Parker
                                          LINDA V. PARKER
                                          U.S. DISTRICT JUDGE

Dated: December 12, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 12, 2017, by electronic and/or U.S. First Class mail.

                                          s/ Richard Loury
                                          Case Manager