UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PNC BANK, National Association,
successor by merger to National City Bank,
a national banking association,

        Plaintiff,

v.

        Civil Case No. 16-cv-13258
        Honorable Linda V. Parker

LEGAL ADVOCACY, P.C., a Michigan
Professional Corporation, f/k/a
NORMAN YATOOMA & ASSOCIATES, P.C.
and NORMAN YATOOMA,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 33)

On September 9, 2016, Plaintiff PNC Bank commenced this lawsuit alleging a breach of promissory note and breach of the guaranty against Defendant Legal Advocacy, P.C., f/k/a Norman Yatooma & Associates, P.C. and Defendant Norman A. Yatooma (collectively "Defendants"). (ECF No. 1.) This Court denied the parties' cross-motions for summary judgment on December 12, 2017. (ECF No. 24.) Presently before the Court is Plaintiff's corrected motion for reconsideration, filed December 27, 2017, and Defendants' response, filed January 30, 2018. (ECF Nos. 33

1

& 39.) On March 2, 2018, the Court granted Plaintiff leave to file a reply. (ECF No. 42.) For the reasons that follow, the Court denies Plaintiff's motion.

**I.    Applicable Standards**

Local Rule 7.1 provides the following standard for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).

"[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)). "A motion for reconsideration 'addresses only factual and legal matters that the court may have overlooked. . . .' It is improper on a motion for reconsideration to 'ask the court to rethink what [it] had already thought

through—rightly or wrongly.'" *Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va 1983). Therefore, a motion that merely presents the same issues already ruled upon by the Court shall not be granted. *See Smith ex rel. Smith*, 298 F. Supp. 2d at 637.

## II. Analysis

Plaintiff argues that the Court overlooked a distinction in controlling law, which is the distinction "between an admission of liability and a statement that an obligor lacks the ability or intent to repay a debt in full." (ECF No. 33 at Pg ID 410.) Contrary to Plaintiff's position, the Court is aware of the effect new payments have on the limitations period and made clear in its December 12, 2017 Opinion and Order that although a partial payment restarts the limitation period, the partial payment must be accompanied by a "declaration or circumstance that rebuts the implication that the debtor by partial payment admits the full obligation." (ECF No. 24 at Pg ID 371.) Plaintiff even conceded in its response to Defendants' motion for summary judgment that the nature of the two payments is a disputed fact and should be decided with the benefit of discovery. (ECF No. 22 at Pg ID 341.) Plaintiff's attempts to draw a distinction between liability and an inability to pay is misplaced. In *Bonga*, a case this Court relied on in its December 12, 2017 decision, the trial court concluded that a payment on the note restarted the statute of limitations period because a qualification

was not made at the time of the partial payment. *Bonga v. Bloomer*, 14 Mich. App. 315, 319 (Mich. Ct. App. 1968).

The issue before the Court when making its decision was whether Plaintiff's claim was time-barred. In making its decision, irrespective of an admission of liability, the Court needed to determine whether the September 27, 2010 and October 28, 2010 payments constituted payments on the note. Plaintiff's position would mean so long as a person is liable for a debt, a party could bring a lawsuit beyond the limitations period. That is an incorrect understanding of the statute of limitations. The court in *Yeiter* made clear, as well as this Court in its December 12, 2017 Opinion and Order, that a partial payment revives the statute of limitations "unless it is accompanied by a declaration or circumstance that rebuts the implication that the debtor by partial payment admits the full obligation." *Yeiter v. Knights of St. Casimir Aid Soc'y*, 461 Mich. 493, 497-98 (Mich. 2000) ("[I]t operates as an acknowledgment of the continued existence of the demand, and as a waiver of any right to take advantage, by plea of the statute of limitations, of any such lapse of time as may have occurred previous to the payment being made. The payment is not a contract; it is not in itself even a promise; but it furnishes ground for implying a promise in renewal from its date, of any right of action which before may have existed."). In this case, whether a qualification was made at the time of the partial payments is in dispute.

As stated in the Court's December 12, 2017 Opinion and Order, the benefit of discovery will better inform the Court on whether Plaintiff is entitled to judgment. In short, Plaintiff fails to demonstrate a palpable defect in this Court's December 12, 2017 decision, and its motion is denied.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's corrected motion for reconsideration (ECF No. 33) is **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration (ECF No. 25) is **DENIED, as MOOT**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 7, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 7, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager