UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PNC BANK, National Association,
successor by merger to National City Bank,
a national banking association,

      Plaintiff,

                                              Civil Case No. 16-cv-13258
v.                                     Honorable Linda V. Parker

LEGAL ADVOCACY, P.C., a Michigan
Professional Corporation, f/k/a
NORMAN YATOOMA & ASSOCIATES, P.C.
and NORMAN YATOOMA,

      Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION (ECF NO. 75)

On September 9, 2016, Plaintiff PNC Bank brought an action against Defendant Legal Advocacy, P.C., f/k/a Norman Yatooma & Associates, P.C. and Defendant Norman A. Yatooma, alleging breach of promissory note and breach of guaranty. (Compl., ECF No. 1.) In an Opinion and Order entered on September 30, 2019, this Court granted Plaintiff's Motion for Summary Judgment, finding that no reasonable jury could believe that Defendants' September 27, 2010 and October 26, 2010 "interest-only" payments constituted something other than unqualified partial payments on a note. (Order, ECF No. 74 at Pg. ID 1294.)

1

Because each payment renewed the statute of limitations, "[t]he statute of limitations did not expire until October 26, 2016 and thus the September 9, 2016 action [was] not time-barred." (*Id.*) Presently before the Court are Defendants' Motion for Reconsideration and Plaintiff's response. (ECF Nos. 75, 79.) For the reasons that follow, the Court denies the motion.

## Legal Framework

Local Rule 7.1 provides the following standard of review for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub.*

*Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Defendants' Motion

Defendants advance two arguments in support of their motion for reconsideration.

First, Defendants contend that the Court did not consider that "no contemporaneous communications with any payments were in any way possible and would have been ethically inappropriate" because "Defendants are a law firm and a licensed attorney" and thus "were precluded from having direct contact with Plaintiff" "as contemplated by [*Yeiter*]." (Defs.' Mot., ECF No. 75 at Pg. ID 1298.) Because Defendants could have, but did not, raise this argument before the Court ruled on the cross-motions for summary judgment, the argument is barred. *See Mount Pleasant*, 298 F. Supp. 2d at 637 (citing *Sault Ste. Marie*, 146 F.3d at 374) ("[A] motion for reconsideration is not properly used as a vehicle to . . . advance positions that could have been argued earlier but were not.").

Second, Defendants argue that the Court's September 30 Opinion and Order contains a palpable defect because the "circumstances" regarding the two "interest-only" payments are "clear": "the parties were engaged in settlement discussions through legal counsel" and thus a reasonable jury could find the two "payments at issue were for settlement purposes." (Defs.' Mot., ECF No. 75 at Pg. ID 1298.)

3

Defendants already advanced this argument. (*See, e.g.*, Defs.' Mot., ECF No. 64 at Pg. ID 832-34; Defs.' Resp., ECF No. 68 at Pg. ID 1071, 1081). The Court already considered and disposed of it. (Order, ECF No. 74 at Pg. ID 1289-90, 1292-93.) Therefore, it is barred. *See* E.D. Mich. LR 7.1(h)(3) ("[T]he court will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court . . . ."); *Smith ex rel.*, 298 F. Supp. 2d at 637 (citing *Sault Ste. Marie*, 146 F.3d at 374) ("[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments . . . .").

Because Defendants fail to demonstrate palpable defects the correction of which would result in a different disposition of the case, the Court denies their motion for reconsideration.

Accordingly,

**IT IS ORDERED** that Defendants' motion for reconsideration (ECF No. 75) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall submit to the Court, within **seven (7) days** of this Opinion and Order, (i) documentation setting forth and supporting its reasonable attorneys' fees and costs and (ii) a proposed final judgment for the Court's consideration. Defendants shall submit a response, if

any, within **seven (7) days** of Plaintiff's submissions.

    **IT IS SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: October 23, 2019