UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PNC BANK, National Association, a national banking association,

    Plaintiff,

vs.

LEGAL ADVOCACY, P.C., a Michigan professional corporation, f/k/a NORMAN YATOOMA & ASSOCIATES, P.C., and NORMAN A. YATOOMA, jointly and severally,

    Defendants.

Case No. 2:16-cv-13258-LVP-APP
Hon. Linda V. Parker
Mag. Anthony P. Patti

---

## PNC BANK, NATIONAL ASSOCATION'S MOTION TO COMPEL CREDITOR'S EXAMINATIONS OF LEGAL ADVOCACY AND NORMAN A. YATOOMA

Plaintiff, PNC Bank, National Association, ("Plaintiff" or "PNC") seeks an Order Compelling Creditor's Examinations of Defendants, Legal Advocacy, P.C., f/k/a Norman Yatooma & Associates, P.C. ("Legal Advocacy") and Norman A. Yatooma (collectively, the "Defendants"). In Support, PNC states:

1. This matter arises out of an action filed by Plaintiff against Defendants on September 9, 2016, alleging breach of promissory note and breach of guaranty.

2. In an Opinion and Order entered on September 30, 2019, this Court granted Plaintiff's Motion for Summary Judgment. **Exhibit 1.**

3. On February 11, 2020, the Court entered a Judgment in favor of PNC Bank, National Association ("PNC") and against both Defendants Legal Advocacy and Norman A. Yatooma, jointly and severally. **Exhibit 2.**

4. The Judgment states: "IT IS ORDERED that money judgment shall be entered in favor of Plaintiff, and against Defendants, jointly and severally, in the amount, as of, October 30, 2019, of $2,141,524.68, comprised of principal in the amount of $1,499,276.36 accrued but unpaid, interest in the amount of $445,961.83, a late charge of $21,993.05, reasonable attorneys' fees of $165,450.50, non-attorney fees of $1,539.00, and other expenses of $7,117.98." **Exhibit 2.**

5. The background of this case is a past due business loan that Legal Advocacy obtained from PNC's predecessor in interest that was guaranteed by Yatooma.

6. On May 6, 2021, Plaintiff's counsel sent an email to Defendants' counsel stating that a creditors examination is to be scheduled. The email states, "I need to set it up. Can we schedule it for the next month please?"

7. Because Defendants' counsel did not respond, on May 11, 2021, Plaintiff's counsel sent another email that stated, "Following up."

8. On May 31, 2021, still without a response from Defendants' counsel regarding the scheduling of a creditor's examination, Plaintiff's counsel sent another follow up email.

9. On June 2, 2021, Plaintiff's counsel sent yet another email to Defendants' counsel stating, "Gavin, I have to file a motion to compel soon."

10. That same day, Defendants' counsel responded with the following: "I have asked my client for a date, but file whatever you wish. Last time we discussed, which was not not on a national holiday, my client just had surgery. I await an update on whether he is off painkillers. I will forward your message on again and update as soon as I hear something."

11. To date, Defendants' counsel has not contacted Plaintiff regarding the scheduling of the creditor's examination.

12. Because of Defendants' failure to comply with Plaintiff's request to schedule a date for the creditor's examination, it is necessary for PNC to file this motion.

13. In pertinent part, Rule 69 of the Federal Rules of Civil Procedure states: "In aid of the judgment or execution, the judgment creditor… may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." Fed. R. Civ. P. 69(a)(2).

14. Mich. Comp. Laws § 600.6104 authorizes entry of an Order requiring a Judgment debtor to appear for a creditor's examination.

> Sec. 6104. After judgment for money has been rendered in an action in any court of this state, the judge may, on motion in that action or in a subsequent proceeding:
>
> (1) Compel a discovery of any property or things in action belonging to a judgment debtor, and of any property, money, or things in action due to him, or held in trust for him;
>
> (2) Prevent the transfer of any property, money, or things in action, or the payment or delivery thereof to the judgment debtor;
>
> (3) Order the satisfaction of the judgment out of property, money, or other things in action, liquidated or unliquidated, not exempt from execution;
>
> (4) Appoint a receiver of any property the judgment debtor has or may thereafter acquire; and
>
> (5) Make any order as within his discretion seems appropriate in regard to carrying out the full intent and purpose of these provisions to subject any nonexempt assets of any judgment debtor to the satisfaction of any judgment against the judgment debtor.

15. Defendants will not comply with Plaintiff's request for creditor's examination without an Order of this Court.

WHEREFORE, Plaintiff requests that this Honorable Court enter the Order attached in the proposed form of **Exhibit 3** compelling the creditor's examination sof Defendants, Legal Advocacy and Norman A. Yatooma.

4

Respectfully Submitted,

PLUNKETT COONEY

By: /s/Patrick C. Lannen
Douglas C. Bernstein (P33833)
Patrick C. Lannen (P73031)
Attorneys for Plaintiff
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
(248) 901-4091
(248) 901-4027
dbernstein@plunkettcooney.com
plannen@plunkettcooney.com

Dated: October 4, 2021

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of this document was served upon all parties to the above cause to each of the attorneys of record on October 4, 2021, via ECF.

Signature: /s/ Patrick C. Lannen

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PNC BANK, National Association,
a national banking association,

    Plaintiff,

vs.

LEGAL ADVOCACY, P.C., a Michigan
professional corporation, f/k/a
NORMAN YATOOMA & ASSOCIATES, P.C.,
and NORMAN A. YATOOMA,
jointly and severally,

    Defendants.

Case No. 2:16-cv-13258-LVP-APP
Hon. Linda V. Parker
Mag. Anthony P. Patti

## BRIEF IN SUPPORT OF PNC BANK, NATIONAL ASSOCIATION'S MOTION TO COMPEL CREDITOR'S EXAMINATION OF LEGAL ADVOCACY AND NORMAN A. YATOOMA

Plaintiff, PNC Bank, National Association, ("Plaintiff"), through its attorneys, Plunkett Cooney, and for its Brief in Support of its Motion to Compel Creditor's Examination of Defendants, Legal Advocacy, P.C., f/k/a Norman Yatooma & Associates, P.C. ("Legal Advocacy") and Norman A. Yatooma (collectively, the "Defendants"), relies upon the enumerated paragraphs within its motion and the authorities cited therein.

WHEREFORE, Plaintiff requests that this Honorable Court enter the Order

attached in the proposed form of **Exhibit 3** compelling the creditor's examination of Defendants, Legal Advocacy and Norman A. Yatooma.

Respectfully Submitted,

PLUNKETT COONEY

By: /s/Patrick C. Lannen
Douglas C. Bernstein (P33833)
Patrick C. Lannen (P73031)
Attorneys for Plaintiff
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
(248) 901-4091
(248) 901-4027
dbernstein@plunkettcooney.com
plannen@plunkettcooney.com

Dated: October 4, 2021

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of this document was served upon all parties to the above cause to each of the attorneys of record on October 4, 2021, via ECF.

Signature: /s/ Patrick C. Lannen

---