# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PNC BANK, National Association,
successor by merger to National City Bank,
a national banking association,

      Plaintiff,

v.

      Civil Case No. 16-cv-13258
      Honorable Linda V. Parker

LEGAL ADVOCACY, P.C., a Michigan
Professional Corporation, f/k/a
NORMAN YATOOMA & ASSOCIATES, P.C.
and NORMAN YATOOMA,

      Defendants.
_____/

## **JUDGMENT**

On September 9, 2016, Plaintiff PNC Bank brought an action against Defendant Legal Advocacy, P.C., f/k/a Norman Yatooma & Associates, P.C. and Defendant Norman A. Yatooma, alleging breach of promissory note and breach of guaranty. (ECF No. 1.) In an Opinion and Order entered on September 30, 2019, this Court granted Plaintiff's Motion for Summary Judgment. (ECF No. 74.) Defendants filed a Motion for Reconsideration, (ECF No. 75), which the Court denied in an Opinion and Order entered on October 23, 2019, (ECF No. 80).

In its October 23 Opinion and Order, the Court ordered the submission of documentation setting forth and supporting Plaintiff's request for reasonable

1

attorneys' fees and costs. (*Id.* at Pg. ID 1351.) The Court permitted Defendants to file a response. (*Id.* at Pg. ID 1351-52.)

## APPLICABLE LAW

Contractual attorneys' fees are an element of damages for breach of contract. *First Merit Bank v. J&B Prod., Ltd.*, 2016 WL 7385714 (E.D. Mich. Dec. 21, 2016) (citing Fed. R. Civ. P. 54(d)(2)(A)). In diversity cases, "the type and amount of documentation needed to support a request for attorneys' fees" pursuant to a contract is "procedural . . . and should be analyzed using Sixth Circuit law." *Gen. Elec. Co. v. Latin Am. Import*, 127 F. App'x 157, 159 (6th Cir. 2005) (internal quotation marks omitted).

When determining what constitutes a "reasonable" fee award, the Sixth Circuit has held that district courts should begin by calculating the applicant's "lodestar" figure. *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). In doing so, the number of hours reasonably spent is multiplied by a reasonable hourly rate in the community for similar work. *Id.* "The essential goal . . . is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

After the lodestar is determined, the district court may adjust the lodestar if it "does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542,

553 (2010). The factors that may be considered in determining adjustments include:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Reed v. Rhodes*, 179 F.3d 453, 471 n.3 (6th Cir. 1999) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

## ANALYSIS

The Commercial Guaranty's "Attorneys' Fees; Expenses" provision states in relevant part:

> Guarantor agrees to pay upon demand all of Lender's costs and expenses, including Lender's reasonable attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty. Lender may hire or pay someone else to help enforce this Guaranty, and Guarantor shall pay costs and expenses of such enforcement. Costs and expenses include Lender's reasonable attorneys' fees and legal expenses whether or not there is a lawsuit, including reasonable attorneys' fees and legal expenses for . . . appeals[] and any anticipated post-judgment collection services.

3

(ECF No. 1-4 at Pg. ID 19.) The Promissory Note's "Attorneys' Fees; Expenses" provision contains similar language. (ECF No. 1-2 at Pg. ID 9.)

Plaintiff seeks "reasonable attorneys' fees in the amount of $174,293.44 in seeking recovery of the loan balance" pursuant to the terms of the loan documents. (ECF Nos. 81-3 at Pg. ID 1519.) Plaintiff states it billed "about 600" hours. (ECF No. 82 at Pg. ID 1541.)

Plaintiff's counsel's bills reflect 539.5 hours expended by attorneys in resolving this case. The fees were incurred as follows: (i) 28.9 hours at $190 per hour; (ii) 13.70 hours at $230 per hour; (iii) 468.4 hours at $315 per hour; and (iv) 28.5 hours at $325 per hour. This represents a total amount of $165,450.50 in attorneys' fees. The bills also include non-attorney fees totaling $1,539.00 and other costs totaling $7,117.98. In total, this represents $174,107.48 in attorneys' fees and costs.

Given the experience of each attorney, that over $2,000,000 was at stake, and the rates of attorneys south of M-59 in Oakland County (median of $325 per hour for Business/Commercial Litigation law practice), the Court concludes that the rates articulated above are reasonable. *See* Economics of Law Practice in Michigan, State Bar of Michigan (https://www.michbar.org/file/pmrc/articles/0000154.pdf).

4

The work performed included, among other things, initial motion practice, document discovery, deposition discovery, as well as drafting and opposing two sets of summary judgment motions. The billing entries coincide with the timeline of this matter. As a result, the Court finds that the total hours expended are reasonable.

Defendants articulate several objections to the attorneys' fees and costs requested by Plaintiff. First, Plaintiff stated in its brief that there were a "few months" in which three attorneys "inadvertently billed at $190.00 per hour," but Plaintiff "is not asking for the difference and accepts that error." (ECF No. 82 at Pg. ID 1537.) In response, Defendants argue that the "alleged oversight was not a billing error" and the fact that Plaintiff's counsel billed at $190 per hour for three years amounts to an admission that that amount is the "reasonable value" of Plaintiff's counsel's work. (ECF No. 83 at Pg. ID 1553-54.) Thus, Defendants contend, Plaintiff's counsel should be bound to that rate. (*Id.*) This argument is a non-sequitur. Even assuming Plaintiff's counsel intentionally billed at $190 per hour for three years, it does not follow that they must be bound to that rate in perpetuity.

Defendants further contend that, "[i]f the Court does not hold each lawyer to [$190], the Court should set a reasonable rate [of] $225.00 per hour" for two of the

5

attorneys who billed in the matter. (*Id.* at Pg. ID 1558.) However, Defendants offer no argument regarding why $225 per hour is "reasonable."

Second, Defendants oppose Plaintiff's attempt "to be compensated for work performed by an attorney who has not appeared in this case." (*Id.* at Pg. ID 1552.) Plaintiff does not cite—and this Court did not find—a single decision supporting this argument. In addition, other district courts in the Sixth Circuit have found this argument unpersuasive. *See e.g., Strom Eng'g Corp. v. Int'l Fiber Corp.*, 2014 WL 325667, at *3 (S.D. Ohio Jan. 29, 2014) ("[The defendant] failed to provide any authority to support the position that only fees from counsel of record may be recovered. Being of record is not the determinative factor of whether attorney's fees are recoverable.")

Third, Defendants contend that 208.4 hours billed by Plaintiff's counsel relate to a case filed in Oakland County Circuit Court between Defendant Norman Yatooma & Associates, P.C. and Steven Cohen ("Oakland County Case"). (*Id.* at Pg. ID 1553.) Defendants state that, because "[t]hese hours were billed before this Court granted Summary Judgment," they "cannot be deemed to be efforts to collect a debt" and should be excluded from Plaintiff's lodestar calculation. (*Id.*) Defendants fail to point to any case in which a court has found that efforts expended prior to a grant of summary judgment do not constitute efforts to collect a debt. In addition, the relevant provision of the Commercial Guaranty states that

6

the "Guarantor agrees to pay . . . all of Lender's cost and expenses . . . incurred in connection with the enforcement of this Guaranty." (ECF No. 1-4 at Pg. ID 19.) The record does not show that the Oakland County Case is unrelated to the enforcement of the Guaranty.

## CONCLUSION

Defendants' conclude their brief by requesting that the Court "reduce the total amount of hours by 208.4 hours, adjust the rate to $190.00 per hour, and thus enter an award of $74,404.00." (ECF No. 83 at Pg. ID 1561.) For the reasons discussed above, the Court declines to omit from the lodestar calculation the 208.4 hours associated with the Oakland County Case and declines to adjust Plaintiff's counsel's hourly rates. The Court finds no issue with the non-attorney and other costs.

Accordingly,

**IT IS ORDERED** that money judgment shall be entered in favor of Plaintiff, and against Defendants, jointly and severally, in the amount, as of, October 30, 2019, of $2,141,524.68, comprised of principal in the amount of $1,499,276.36 accrued but unpaid, interest in the amount of $445,961.83, a late charge of $21,993.05, reasonable attorneys' fees of $165,450.50, non-attorney fees

of $1,539.00, and other expenses of $7,117.98.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: February 11, 2020