UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PNC BANK,

    Plaintiff,

v.

Civil Case No. 16-13258
Honorable Linda V. Parker

LEGAL ADVOCACY, P.C., f/k/a
NORMAN YATOOMA &
ASSOCIATES, P.C., and NORMAN A.
YATOOMA,

    Defendants.

_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR ENTRY OF SATISFICATION OF JUDGMENT AND RELIEF FROM RECEIVERSHIP ORDER (ECF NO. 225)

This is a lawsuit arising from Defendants' breach of a promissory note and guaranty. On February 11, 2020, the Court entered Judgment in favor of Plaintiff ("PNC") and against Defendants, jointly and severally, for $2,141,524.68. (ECF No. 86.) On February 11, 2022, after Defendants failed to satisfy the Judgment and PNC's collection efforts were unsuccessful, PNC filed a motion for appointment of a Receiver. (ECF No. 218.) On September 7, 2022, the Court granted PNC's motion (ECF No. 224), and entered an order on September 12

appointing Charles D. Bullock as the receiver and setting forth his authority "Receivership Order." (ECF No. 226.)

This matter presently is before the Court on Defendants' Motion to Set Aside and Satisfy Judgment and to Set Aside Receivership Order. (ECF No. 225.) The motion is fully briefed. (ECF Nos. 231, 233, 236, 237.) Upon consideration of the Motion, and for the reasons set forth below, the Court is denying Defendants' motion.

## I. Background

On September 8, 2022, counsel for Defendants emailed PNC stating that "[m]y clients are prepared to satisfy your judgment today. Please provide your wire instructions so that we may remit immediately. After your receipt of funds, kindly provide an executed satisfaction of judgment." (ECF No. 225-2 at Pg ID 2602.) On September 9, Defendants once again requested wire instructions, conveying that "[o]therwise, [Defendants] will be remitting a check to PNC for the balance of the judgment." (*Id.* at Pg ID 2601.) Shortly after, PNC responded that it would provide a payoff statement to Defendants and explained that they were required to complete a document under federal anti-money laundering provisions of the Bank Secrecy Act, 31 U.S.C. 5311. (*Id.*) PNC also conveyed that "in light of the Court's order, PNC will . . . not cash any check you remit after receiving our

payment statement, pending confirmation that you had the authority to issue any such check." (*Id.*)

PNC then conveyed that the payoff balance is $1,941,114.12. (ECF No. 225-2 at Pg ID 2600.) Defendants then responded that they would be delivering the check to PNC, during which time, PNC reiterated its request for Defendants to complete the anti-money laundering form. (*Id.* at Pg ID 2598.). Between 5PM and 6PM, Defendants delivered a sealed envelope with a check in the amount of $1,714,618.11. (ECF No. 233 at Pg ID 3413.)

The following day, on September 10, the parties began to debate the amount owed and whether PNC had legal authority to require Defendants to source the funds and refuse Defendants' attempt to satisfy the judgment. (ECF No. 225-2 at Pg ID 2596.) During the exchange, PNC stated that the judgment was not satisfied because the amount of the check was "more than $200,000 less than the payoff value," and reiterated that it did not receive the anti-money laundering form, and that it would not cash any check remitted by Defendant until the funds could be sourced. (*Id.*)

## II.     Legal Standard

Federal Rule of Civil Procedure 60(b)(5) authorizes district courts to grant relief from a judgment if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

3

prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5).  The Supreme Court has held that "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384, (1992)); *see also Basel v. Bielaczyz*, No. 74-40135-BC, 2009 WL 2843906, at *3 (E.D. Mich. Sept. 1, 2009) (quoting *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir.2008)) ("[r]elief under each section of [Rule 60] is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'").  Moreover, "[t]he party seeking relief bears the burden of establishing that changed circumstances warrant relief . . . ." *Id.* (internal citations omitted).

"Whether prospective enforcement is no longer equitable under Rule 60(b)(5) is a fact-intensive inquiry within the broad equitable powers of a district court." *Brown v. Tennessee Dep't of Fin. & Admin.*, 561 F.3d 542, 545 (6th Cir. 2009).  Further, "[w]here an order or decree has not been carried out in accordance with its intended effect, the court may change the order 'upon an appropriate showing' if the 'purposes' of the order 'have not been fully achieved.'" *Olle v.*

4

*Henry & Wright Corp.*, 910 F.2d 357, 364 (6th Cir. 1990) (citing *United States v. United Shoe Corp.*, 391 U.S. 244, 248 (1968)).

## III. Analysis

### A. Judgment Payoff Balance

As an initial matter, the Court must determine the amount of the remaining Judgment balance. PNC maintains that as of September 9, the payoff balance was $1,718,098.83. (ECF No. 233 at Pg ID 3409.) Defendants maintain that the balance as of September 9 was $1,714,618.11, which was calculated as follows:

| | |
|---|---|
| Amount of Judgment: | $2,141,524.68 |
| + Interest: | $78,267.84 |
| - Garnishments (June 10, 2020): | $102,151.43[1] |
| - Oakland County Circuit Escrow: | $403,022.95[2] |
| JUDGMENT BALANCE: | $1,714,618.11 |

(ECF No. 225 at Pg ID 2582-83.)

The actual dispute seems to be the amount of interest that accrued as of September 9. PNC maintains that the interest amount was $81,684.73 based on a per diem of $86.62. (*See* Interest Accrual Calculation, ECF No. 232-14 at Pg ID

---

[1] On June 15, 2020, the Court issued to the Bank of Ann Arbor two Writs of Garnishments for Defendants to begin collections on the Judgment. (ECF No. 223 at Pg ID 2561.).
[2] This amount represents the seized money PNC obtained from the Oakland County Circuit Court's escrow account. (*See* ECF No. 232-3 at Pg ID)

3353; ECF No. 233 at Pg ID 3409.) The figure that Defendants provide—$78,267.84—was the interest accrued according to the Court's Writ of Garnishment as of July 26, not the interest as of September 9. (*See* ECF Nos. 223, 225-1.) Based on the records provided and Defendants' mistaken interest calculations by relying on the interest as of July 26, the Court agrees that the correct interest as of September 9 was $81,684.73. As such, the Court finds that the total Judgment payoff balance as of September 9 was $1,718,098.83.[3]

### B. Satisfaction of Judgment

Regarding the Judgment, Defendants maintain that the Judgment was satisfied under Rule 60(b)(5) when they "tender[ed] . . . the certified check in the amount of $1,714,618.11." However, under the plain language of Rule 60(b)(5), relief from judgment may be granted if "the judgment has been satisfied, released, or discharged . . . ." Fed. R. Civ. P. 60(b)(5). Nothing of such nature has occurred here. Defendants not only tendered an insufficient amount of $1,714,618.11 when the amount due was $1,718,098.83, but PNC noted numerous times that the check would not be cashed until the funds could be sourced. (ECF No. 225-2 at Pg ID

---

[3] In the e-mail exchange, PNC stated that the payoff amount was $1,941,114.12. (ECF No. 225-2 Pg ID 2600.) This amount seems to include approximately $206,818.93 in post-judgment attorney's fees and expenses, which has been requested in a separate motion filed by PNC. (ECF No. 232.) Thus, the Court will not opine on the additional fees in this Order.

6

2596, 2600.) As such, the Court finds that the Judgment was not satisfied with the check provided by Defendants.

Next, Defendants maintain that the Judgment should be deemed satisfied because there is no authority that allows PNC to "delay satisfying judgment" by electing to source the funds prior to acceptance. (ECF No. 225 at Pg ID 2583-84, ¶ 11.) PNC maintains that due to "serious concerns" about the possibility of "potentially fraudulent procured or transferred funds," it would require sourcing under The Bank Secrecy Act, 31 U.S.C. 5311 *et seq*. (ECF No. 233 at Pg ID 3408-09.) Specifically, PNC notes that other major banking institutions have been fined by state and federal authorities for failing to source funds and "PNC has no obligation to take that risk." (*Id.* at Pg ID 3408.) The Court sees no reason why PNC should have to take a risk by accepting funds that Defendants suddenly proffered after being in default for over a decade.

Defendants do not argue that being asked to verify the source of the funds would create any sort of burden, but merely that PNC does not have authority to require verification. However, the Court's September 12 Order provides the Receiver the authority to source Mr. Yatooma's finances if necessary. Specifically, the Order provides the Receiver with vast powers, including but not limited to, "[t]he investigation of any fraudulent or otherwise improper transfers or conveyance of the assets of Yatooma as the Receiver shall deem necessary and

7

appropriate, and, if necessary, the prosecution of any action to set such transaction(s) aside." (ECF No. 226 at Pg ID 2608, ¶ 6(i.).) As such, even if Defendants had provided the accurate payoff amount, which they did not, the Judgment would not be deemed satisfied until the sourcing could be confirmed by PNC and the Court approved its satisfaction.[4]

## VI. Conclusion

For the reasons set forth above, the Court holds that Defendants have not satisfied judgment under Fed. R. Civ. P. 60(b)(5), and the Receiver has adequate authority to source the check amount of over $1.7 million before accepting the payment.

Accordingly,

**IT IS ORDERED** that Defendants' motion for entry of satisfaction of judgment and relief from receivership order (ECF No. 225) is **DENIED;**

**IT IS FURTHER ORDERED** that the Receivership Order (ECF No. 226) shall remain in effect until the Court orders otherwise.

Dated: October 18, 2022

s/Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

---

[4] In its response, PNC argues that Defendant Yatooma did not have the authority to obtain the $1.7 million loan to attempt to satisfy the payoff amount. (ECF No. 233 at Pg ID 3405-06.) Whether Mr. Yatooma had such authority and whether he failed to comply with the Receivership Order is the subject of a separate motion pending before the Court, and as such, the Court will not address these claims here.