UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PNC BANK,

    Plaintiff,

v.                                                                       Civil Case No. 16-13258
                                                                    Honorable Linda V. Parker

LEGAL ADVOCACY, P.C., f/k/a
NORMAN YATOOMA &
ASSOCIATES, P.C., and NORMAN A.
YATOOMA,

    Defendants.
_____/

**ORDER DENYING MOTIONS TO INTERVENE (ECF NOS. 248, 250)**

      This is a lawsuit arising from Defendants' breach of a promissory note and guaranty. On September 7, 2022, the Court granted Plaintiff PNC's motion, ECF No. 224, and entered an order on September 12 appointing Charles D. Bullock as the Receiver and setting forth his authority "Receivership Order." (ECF No. 226.) Presently before the Court are motions to intervene filed by Christine L. Castantino, Jr. and Lisa Gray ("Petitioners"). (ECF Nos. 248, 250.)

      Federal Rule of Civil Procedure 24(a) provides that a court must permit intervention by anyone who has been give an unconditional right to intervene by a federal statute. Rule 24(a) provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24. Moreover, permissive intervention under Rule 24(b) provides that,"[o]n timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). A motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). The Sixth Circuit interprets Rule 24(a) as setting forth four elements that must be satisfied before intervention as of right will be granted:

> (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court.

*Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000) (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997)); *see also Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 343 (6th Cir. 2007) (citing

*Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999)). "Failure to meet any one of the four criteria will require that the motion to intervene be denied." *Stupak-Thrall*, 226 F.3d at 471 (brackets omitted) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)); *see also Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011) (providing that "[e]ach of these elements is mandatory, and therefore failure to satisfy any one of the elements will defeat intervention under the Rule.").

    Here, the motions to intervene involve two underlying state court proceedings initiated by former employees of Defendants who, among other claims, allege to have experienced a change in compensation due to Defendant's financial difficulties in violation of an employment agreement.  (*See* ECF Nos. 248-1, 250-1.)  Petitioners seek to intervene so that "the Receiver can either accept service on behalf of Mr. Yatooma[1] or enter an appearance on behalf of Mr. Yatooma so as to toll any applicable statute with respect to service under the existing summons."  (ECF No. 248 at Pg ID 4036-37, ¶ 12; ECF No. 250 at Pg ID No. 4153, ¶ 10.)  Despite filing the motions, Petitioners fail to articulate any

---

[1] Petitioners assert that "[b]y a fair reading" of the Court's Receivership Order, the Receiver is required to accept service of process on behalf of Defendants, arguing that it "falls within the ambit of the duties of the Receiver." (ECF No. 248 at Pg ID 4035, ¶ 6; ECF No. 250 at Pg ID No. 4152, ¶ 6.)  However, the Receivership Order makes no such mandate and Petitioners fail to direct the Court to any section that Petitioner's relied upon in reaching their conclusion.

arguments as to why they should be allowed to intervene. Instead, they use vague language stating that the "facts in this matter militate in favor of this Court giving the Petitioner a right to intervene," and attached the corresponding complaints for the state lawsuits. (ECF No. 248 at Pg ID 4036, ¶ 12; ECF No. 250 at Pg ID No. 4153, ¶ 10.)

While the Court sympathizes with Petitioners' circumstances regarding the underlying lawsuits, the Court does not find them to have any legal, property, or transactional interest in the promissory note and guaranty entered into by Defendants and PNC, which would make intervention appropriate under Rule 24. At best, the only commonality is that Mr. Yatooma may have failed to fulfill his financial obligations to numerous parties.

Accordingly,

**IT IS ORDERED**, that Petitioners' motions to intervene (ECF Nos. 248, 250) are **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: January 23, 2023